1  KAMALA D. HARRIS
   Attorney General of California
2  Sarah E. Morrison
   Supervising Deputy Attorney General
3  JAMES R. POTTER, State Bar No. 166992
   MEGAN K HEY, State Bar No. No. 232345
4  Deputy Attorneys General
   300 South Spring Street, Suite 1702
5  Los Angeles, CA 90013
   Telephone: (213) 897-2637
6  Fax: (213) 897-2802
   E-mail: James.Potter@doj.ca.gov
7  *Attorneys for Plaintiffs Department of Toxic*
   *Substances Control and Toxic Substances Control*
8  *Account*

9            IN THE UNITED STATES DISTRICT COURT

10          FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL** and **CALIFORNIA TOXIC SUBSTANCES CONTROL ACCOUNT,** | Case No.: 2:14-CV02613 RGK (AJWx) |
| 13 | |
| 14 | [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND DEFENDANT JAMES MANCUSO; EXHIBITS |
| 15 Plaintiffs, | |
| 16 v. | Judge: Hon. R. Gary Klausner |
| 17 | Dept.: 850 Trial Date: August 25, 2015 Action Filed: April 7, 2014 |
| 18 **J&S CHROME PLATING CO., a California corporation, KENFIELD DEV., LLC, a California limited liability company; and JAMES MANCUSO, an individual,** | |
| 19 | |
| 20 | |
| 21 Defendants. | |

22

23  **I.    INTRODUCTION**

24      1.   Plaintiff the State of California Department of Toxic Substances

25  ("DTSC") and the Toxic Substances Control Account (collectively "Plaintiffs")

26  filed a complaint in this matter pursuant to the Comprehensive Environmental

27  Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq.

28  and the California Hazardous Substances Account Act ("HSAA"), California

1   Health and Safety Code § 25300 et seq. against Defendants J&S Chrome Plating

2   Co. ("J&S Chrome"), Kenfield Dev., LLC, and James Mancuso ("Complaint"). In

3   the Complaint, Plaintiffs seek to recover costs they incurred responding to releases

4   and/or threatened releases of hazardous substances at or from the property located

5   at 6863 East Florence Place, Bell Gardens, California, 90201, in the County of Los

6   Angeles, California ("the Site."). CERCLA section 107(a), 42 U.S.C. § 9607(a).

7   Additionally, Plaintiffs seek declaratory relief under CERCLA section 113(g)(2),

8   42 U.S.C. § 9613(g)(2) that Defendants are jointly and severally liable for future

9   response costs to be incurred by Plaintiffs to address releases and/or threatened

10  releases of hazardous substances at or from the Site.

11      2.  In the Complaint, Plaintiffs allege, in relevant part, the following:

12          a.      The Site is located in the City of Bell Gardens across the street

13  from residential dwellings and within 500 feet of a public school. The Los

14  Angeles Regional Water Quality Control Board has designated drinking

15  water as a beneficial use for some groundwater in the vicinity of the Site, and

16  there is an inoperative drinking water well within 1000 feet of the Site.

17          b.      From approximately 1953 to 1991, J&S Chrome operated as a

18  metal plating facility at the Site. In the plating operations at the Site, J&S

19  Chrome used chromium, cadmium, and zinc.

20          c.      Settling Defendant James Mancuso was an owner of the Site

21  from approximately 1980 until 1999.

22          d.      In February 1999, in response to a request by J&S Chrome,

23  and in accordance with Health and Safety Code section 25262, Cal/EPA

24  designated DTSC as the administering agency for all investigation and

25  remediation activities at the Site.

26          e.      On December 18, 2002, DTSC issued an Imminent and

27  Substantial Endangerment Determination and Remedial Action Order ("2002

28  Order"), which included findings that hazardous substances had been

2   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
    JAMES MANCUSO

released and were present in the groundwater and/or soil at the Site in sufficient concentrations to pose a substantial danger to public health and the environment, and directing J&S Chrome to develop and implement a complete site remediation strategy for the Site.

f.     J&S Chrome performed some site assessment and remediation of the Site but did not complete all of the actions required in the 2002 Order.

g.     The Department completed an RI/FS for the Site. The Remedial Investigation, approved in 2003, identified total chromium and hexavalent chromium as the primary chemicals of concern on the Site. The Feasibility Study, completed in 2005, identified remedial action alternatives that could meet risk-based remedial goals, applicable or relevant and appropriate requirements, and remedial action objectives for the Site.

h.     In or about February 2008, DTSC divided the Site into two Operable Units. Operable Unit 1 ("OU1") encompasses the soil contamination, and Operable Unit 2 ("OU2") relates to the groundwater contamination.

i.     In April 2008, DTSC began implementation of the Remedial Action Plan for OU1. DTSC's actions included removing soil contaminated with hazardous substances and installing mechanisms to stabilize the remaining hazardous substances.

j.     In February 2010, DTSC began implementation of OU2 remediation as set forth in the 2009 Remedial Action Plan for OU2. DTSC's actions included installing groundwater extraction wells and groundwater treatment facilities.

k.     The remedies for both OU1 and OU2 require ongoing operation and maintenance.

3.  Plaintiffs' response actions were necessary to remove and remedy the hazardous substances released and/or threatened to be released at and from the Site.

1   DTSC's response actions include, but are not limited to, the following activities:

2   investigation; removal/remediation actions; enforcement/cost recovery; oversight;

3   public participation; and compliance with the California Environmental Quality

4   Act. DTSC's response actions were not inconsistent with the National Contingency

5   Plan, 40 C.F.R. Part 300.

6       4.  As of June 2015, Plaintiffs' unreimbursed Response Costs related to the

7   Site exceeded $8 million. Plaintiffs will continue to incur Response Costs related

8   to the Site, including enforcement costs to litigate the Complaint.

9       5.  Settling Defendant filed an answer to the Complaint on September 12,

10   2014, ECF No. 17 and an amended answer on October 10, 2014, ECF No. 26.

11       6.  On April 20, 2015, the Court issued an Order Pursuant to Stipulation

12   Granting, in Part, Plaintiffs' Motion for Partial Summary Judgment On the Liability

13   of J&S Chrome Plating and James Mancuso, ECF No. 48, that established that

14   "[Settling Defendant] is liable for all response costs incurred by DTSC in

15   responding to the release or threatened release of hazardous substances at the Site,"

16   but preserved [Settling Defendant's] right to assert certain affirmative defenses at

17   trial. The Order also establishes that [Settling Defendant] was an operator of the

18   Site at the time of disposal of hazardous substances at the Site. A copy of that Order

19   is attached hereto as Exhibit A.

20       7.  Settling Defendant claimed inability to pay response costs and submitted

21   financial information for DTSC's review. Settling Defendant affirms that the

22   financial information provided to DTSC is true and correct.

23       8.  DTSC has reviewed the financial information submitted by Settling

24   Defendant to determine whether he is financially able to pay response costs

25   incurred and to be incurred at the Site. In entering into this settlement, Plaintiffs

26   have relied on the financial information provided by Settling Defendant. The

27   Parties acknowledge that in 2006, Settling Defendant and his wife sold the shares of

28   J&S Chrome and that the purchaser, an entity called 6863 East Florence Place,

4   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
JAMES MANCUSO

1  LLC, agreed to fully indemnify Settling Defendant for any losses related to the

2  release of hazardous materials at the Site. The Parties further acknowledge that

3  Settling Defendant is a named insured on policies that may provide indemnification

4  for the contamination at issue in this matter. However, Settling Defendant makes no

5  representations that indemnity coverage is provided by said insurance policies.

6      9.  The Parties agree, and this Court, by entering this Consent Decree, finds,

7  that this Consent Decree has been negotiated by the Parties in good faith, settlement

8  of this matter will avoid expensive, prolonged and complicated litigation between

9  the Parties, and this Consent Decree is fair, reasonable, in the public interest and

10  consistent with the purpose of CERCLA.

11      **THEREFORE**, the Court, with the consent of the Parties to this

12  Consent Decree, hereby **ORDERS, ADJUDGES, AND DECREES**, as follows:

13  **II.    JURISDICTION**

14      10. The Court has subject matter jurisdiction over the matters alleged in this

15  action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and CERCLA, section

16  113(b), 42 U.S.C. § 9613(b), and personal jurisdiction over each of the Parties.

17  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and CERCLA

18  section 113(b), 42 U.S.C. § 9613(b).  Solely for the purposes of this Consent

19  Decree and the underlying Complaint, Settling Defendant waives all objections and

20  defenses that Settling Defendant may have to the jurisdiction of the Court or to

21  venue in this district.  Settling Defendant shall not challenge the terms of this

22  Consent Decree or this Court's jurisdiction to enter and enforce this Consent

23  Decree.

24      11. The Court shall retain jurisdiction over this matter for the purpose of

25  interpreting and enforcing the terms of this Consent Decree if necessary.

26  **III.    SETTLEMENT OF DISPUTED CLAIMS**

27      12. This Consent Decree resolves Plaintiffs' claims against Settling

28  Defendant in the above-captioned action.  Plaintiffs agree to resolve Settling

1   Defendant's liability in this action in exchange for consideration from Settling

2   Defendant, including payment by Settling Defendant to reimburse a portion of

3   Plaintiffs' Response Costs incurred and to be incurred at or in connection with

4   releases and/or threatened releases of hazardous substances at and/or from the Site.

5       13. Nothing in this Consent Decree shall be construed as an admission by

6   Settling Defendant of any issue of law or fact or of any violation of law, beyond

7   those issues of fact and law established in the Partial Summary Judgment Order,

8   ECF No. 48.  Except as otherwise provided by this Consent Decree, this Consent

9   Decree shall not prejudice, waive or impair any right, remedy or defense that

10  Settling Defendant may have in any other or further legal proceeding.

11      14. The Parties consent to, and shall not challenge entry of this Consent

12  Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

13  Upon approval and entry of this Consent Decree by the Court, this Consent Decree

14  shall constitute a final judgment between and among the Parties.

15  **IV.    DEFINITIONS**

16      15. Unless otherwise expressly provided herein, terms used in this Consent

17  Decree that are defined in CERCLA, in the HSAA or in regulations promulgated

18  under CERCLA shall have the meaning assigned to them therein.  Whenever terms

19  listed below are used in this Consent Decree, the definitions below shall apply.

20      16. "DTSC" shall mean the State of California Department of Toxic

21  Substances Control, and its predecessors and successors.  DTSC is a public agency

22  of the State of California organized and existing under and pursuant to California

23  Health and Safety Code § 58000 et seq.  Under California law, DTSC is the state

24  agency responsible for determining whether there has been a release and/or

25  threatened release of hazardous substances into the environment, and for

26  determining the actions to be taken in response thereto.

27      17. "Effective Date" shall mean the date the Court enters an Order approving

28  this Consent Decree.

6   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
    JAMES MANCUSO

Case 2:14-cv-02613-RGK-AJW  Document 98-1  Filed 10/26/15  Page 28 of 27  Page ID #:3004

1      18. "Parties" shall mean Plaintiffs and James Mancuso.

2      19. "Plaintiffs" shall mean DTSC and the Toxic Substances Control Account.

3      20. "Response Costs" shall mean all costs of "removal," "remedial action,"

4 or "response" as those terms are defined by CERCLA § 101, 42 U.S.C. § 9601,

5 related to the release and/or threatened release of hazardous substances at or from

6 the Site, including into soil and groundwater.

7      21. "Settling Defendant" shall mean James Mancuso.

8      22. "Site" shall mean the property located at 6863 East Florence Place, Bell

9 Gardens, California, 90201, in the County of Los Angeles, California. For

10 purposes of this Consent Decree, the Site includes the vertical and areal extent of

11 the hazardous substance contamination that is or has been present at, beneath,

12 and/or from the Site, including in the soil and/or groundwater.

## V.   SETTLING DEFENDANT'S OBLIGATIONS

14      23. Settling Defendant or his designee shall pay DTSC $65,000 within thirty

15 (30) days of the Effective Date. Settling Defendant, or his designee shall make

16 payment in accordance with Paragraph 25.

17      24. Settling Defendant agrees to cooperate, and perform any appropriate act

18 to assist Plaintiffs' continuing response actions related to the Site including cost

19 recovery efforts for the Site.  Such actions shall include but not be limited to

20 providing evidence in any dispute about insurance coverage.

21      25. Settling Defendant's payment obligations shall be deemed to have been

22 satisfied in full upon: (1) Settling Defendant's delivery of the payment due under

23 Paragraph 23.  The payment specified in Paragraph 23 above, shall be made by

24 certified or cashier's check made payable to Cashier, California Department of

25 Toxic Substances Control, and shall bear on its face both the docket number of this

26 proceeding and the phrase "Site Code 300255."

27      a.    The payments shall be sent to:

28

[PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND JAMES MANCUSO

19841078

1    Cashier
     Accounting Office, MS-21A
2    Department of Toxic Substances Control
     1001 I Street
3    P.O. Box 806
     Sacramento, CA 95812-0806

4    b.    A copy of the check shall be mailed to:

5    Leslie Fredrickson, Attorney
     California Department of Toxic Substances Control
6    Office of Legal Counsel, MS-23A
     1001 I Street
7    P.O. Box 806
     Sacramento, CA 95812-0806

8    Or e-mailed to leslie.fredrickson@dtsc.ca.gov in .pdf or .jpg format.

9

10   26. This Consent Decree is conditioned upon full execution of the Settling

11   Defendant's obligations in in Paragraphs 24 through 25.  If these conditions  are

12   not met, then this Consent Decree shall be voidable at the discretion of DTSC, and

13   DTSC may proceed to litigate the Complaint against Settling Defendant.

14   **VI.    ACCESS TO INFORMATION**

15   27. Within thirty (30) calendar days of the Effective Date, Settling Defendant

16   shall have provided to DTSC copies of any and all records, documents, and

17   information within his possession or control, or that of his agents, relating to: (a)

18   the ownership, operation or control of the Site; (b) the purchase, storage, use,

19   handling, generation, treatment, transportation, or disposal of hazardous substances

20   in connection with the Site; (c) releases and/or threatened releases of hazardous

21   substances at or from the Site, including the soil and groundwater; and (d) removal,

22   remedial or response actions conducted by any person at the Site.

23   28. If after the Effective Date, Settling Defendant obtains or discovers any

24   records, documents or information described in Paragraph 27 not previously

25   provided to DTSC, Settling Defendant agrees to provide DTSC with copies of the

26   additional records, documents or information within ten (10) calendar days of the

27   date Settling Defendant discovers or obtains the records, documents or information.

28

8    [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
     JAMES MANCUSO

Case 2:14-cv-02613-RGK-AJW  Document 100  Filed 11/24/15  Page 9 of 21  Page ID #:3200
Case 2:14-cv-02613-RGK-AJW  Document 96-1  Filed 10/28/15  Page 30 of 27  Page ID
#:3008

## VII.    COVENANT NOT TO SUE BY PLAINTIFFS

29. Except as expressly provided in Section VIII (Plaintiffs' Reservation of Rights) of this Consent Decree, Plaintiffs covenant not to sue Settling Defendant pursuant to CERCLA or the HSAA to: (a) recover Plaintiffs' Response Costs related to the Site, including response costs associated with groundwater remediation relating to any hazardous substances released at the Site; or (b) require Settling Defendant to conduct response actions, including removal or remedial actions, related to the release and/or threatened release of hazardous substances at or from the Site, including the soil and groundwater.  This Covenant Not to Sue is conditioned upon the complete and satisfactory performance by Settling Defendant of all his obligations under this Consent Decree.  This Covenant Not to Sue shall be revoked and deemed not effective if Settling Defendant fails to fully perform on his obligations stated in by Paragraphs 23 through 24 of this Consent Decree.

## VIII.    PLAINTIFFS' RESERVATION OF RIGHTS

30. Claims Regarding Other Matters. Plaintiffs reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Plaintiffs' Covenant Not to Sue (Section VII).

31. Reservation of Claims. Plaintiffs reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to the following matters:

a.    Failure of Settling Defendant to meet the requirements of this Consent Decree;

b.    Damage to natural resources, as defined in CERCLA section 101(6), 42 U.S.C. § 9601(6), including all costs incurred by any natural resources trustees;

9    [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND JAMES MANCUSO

Case 2:14-cv-02613-RGK-AJW   Document 100   Filed 11/24/15   Page 10 of 21   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 90-1   Filed 08/28/15   Page 30 of 27   Page ID
#:3004

c.   Liability resulting from Settling Defendant's introduction of any hazardous substance, pollutant, or contaminant to the Site after the Effective Date;

d.   Liability resulting from overt acts by Settling Defendant after the Effective Date that cause the exacerbation of the hazardous substance conditions existing at or from the Site;

e.   Claims based on liability arising from the past, present, or future disposal of hazardous substances at sites or locations other than the Site and

f.   Claims based on criminal liability.

32. Financial Information. Notwithstanding any other provision in the Consent Decree, DTSC reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order seeking to compel Settling Defendant to perform response activities at the Site and/or to pay DTSC for additional response costs, if the financial information provided by Settling Defendant or the financial certification he made in Paragraph 7 of this Consent Decree, is false or, in any material respect, inaccurate.

33. Government Authority. Except as expressly provided in the Consent Decree, nothing in the Consent Decree is intended nor shall it be construed to preclude DTSC from exercising its authority under any law, statute or regulation. Furthermore, nothing in the Consent Decree is intended, nor shall it be construed, to preclude any other state agency, department, board or entity or any federal entity from exercising its authority under any law, statute or regulation.

34. Claims Against Other Persons. DTSC reserves, and this Consent Decree is without prejudice to, all rights, claims, and causes of action Department may have against any person other than Settling Defendant. Nothing in this Consent Decree is intended to be nor shall it be construed as a release, covenant not to sue,

10   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND JAMES MANCUSO

Case 2:14-cv-02613-RGK-AJW   Document 100   Filed 11/24/15   Page 11 of 21   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 89-2   Filed 08/26/15   Page 32 of 27   Page ID
#:3008

1   or compromise of any claim or cause of action, which DTSC may have against any

2   person or other entity not a signatory to this Consent Decree.

3   **IX.   COVENANT NOT TO SUE BY SETTLING DEFENDANT**

4   35. Settling Defendant covenant not to sue, and agree not to assert any claims

5   or causes of action against Plaintiffs or any DTSC contractors or employees that

6   arise out of the transaction or occurrence that is the subject matter of the Plaintiffs'

7   complaint, or for any injuries, losses, costs, or damages caused or incurred as a

8   result of the performance of the requirements of this Consent Decree or the DTSC's

9   response actions at the Site.

10   36. In any legal proceedings that Plaintiffs may initiate against Settling

11   Defendant for non-compliance with this Consent Decree in such proceedings,

12   Settling Defendant may raise any and all defenses that Settling Defendant deems to

13   be relevant to the issue of whether or not it has complied with the terms of the

14   Consent Decree.

15   **X.   EFFECT OF SETTLEMENT AND CONTRIBUTION PROTECTION**

16   37. With regard to claims for contribution against Settling Defendant for

17   "Matters Addressed" in this Consent Decree, the Parties agree, and the Court finds

18   as follows:

19       a.   This Consent Decree constitutes a judicially approved

20   settlement within the meaning of CERCLA section 113(f)(2), 42 U.S.C. §

21   9613(f)(2).

22       b.   This Consent Decree requires that Settling Defendant pay

23   certain costs with respect to its liability at the Site.

24       c.   Settling Defendant is entitled to the contribution protection

25   provided by CERCLA section 113(f)(2), 42 U.S.C. § 9613(f)(2), and by state

26   statutory and common law for the "Matters Addressed" in this Consent

27   Decree, except for actions and claims identified in Section VIII (Plaintiffs'

28   Reservation of Rights).

11   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
JAMES MANCUSO

Case 2:14-cv-02613-RGK-AJW   Document 100   Filed 11/24/15   Page 12 of 21   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 99-3   Filed 08/20/15   Page 33 of 21   Page ID
#:3009

38. "Matters Addressed". The "Matters Addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by Plaintiffs, or any other person.

39. The protection provided for in this Section X is conditioned upon compliance by Settling Defendant with his obligations under Paragraphs 24 through 26 of this Consent Decree.

40. Nothing in this Consent Decree limits or impairs the right of Plaintiffs to pursue any other person for unrecovered Response Costs incurred by Plaintiffs.

## XI.    NOTIFICATION

41. Notification to or communication among the Parties as required or provided for in this Consent Decree shall be addressed as follows:

For Plaintiffs:

> Hossein Nasari, Project Manager
> Cypress Cleanup Program
> California Department of Toxic Substances Control
> Corporate Avenue
> Cypress, CA  91311-6505
>
> Leslie Fredrickson
> California Department of Toxic Substances Control
> Office of Legal Counsel, MS-23A
> P.O. Box 806
> Sacramento, CA 95812-0806

For Settling Defendants:

> G. Christian Roux
> Alston & Bird LLP
> 333 South Hope Street
> 16th Floor
> Los Angeles, CA 90071

## XII.    GENERAL PROVISIONS

42. Parties Bound.  This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties and their representatives, successors, heirs, legatees, and assigns.

19841078

Case 2:14-cv-02613-RGK-AJW   Document 100   Filed 11/24/15   Page 13 of 21   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 80-1   Filed 08/26/15   Page 13 of 21   Page ID
#:3020

43. <u>No Rights in Other Parties.</u>  Except as provided in Paragraph 43 regarding parties bound, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree.

44. <u>No Waiver of Enforcement.</u>  The failure of DTSC to enforce any provision of this Consent Decree shall in no way be deemed a waiver of such provision or in any way affect the validity of this Consent Decree.  The failure of DTSC to enforce any such provision shall not preclude it from later enforcing the same or any other provision of this Consent Decree.

45. <u>Attorneys' Fees.</u>  Except as expressly provided in this Consent Decree, the Parties will not seek to recover attorneys' fees and/or litigation costs against each other.

46. <u>Final Agreement.</u> This Consent Decree constitutes the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree.

47. <u>Modifications.</u>  This Consent Decree may be modified only upon written approval of the Parties and with the consent of the Court.

48. <u>Counterparts.</u>  This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

49. <u>Agent.</u>  Settling Defendant has appointed and authorized the agents identified in Section 41 to this Consent Decree to receive notices with respect to all matters arising under or relating to this Consent Decree.

## XIII.  ENTRY OF THE CONSENT DECREE

50. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) calendar days.  The Consent Decree also is subject to a public comment period of not less than thirty (30) calendar days.  DTSC may modify or withdraw its consent to this Consent Decree if comments received during the public

Case 2:14-cv-02613-RGK-AJW   Document 100   Filed 11/24/15   Page 14 of 21   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 98-5   Filed 08/20/15   Page 15 of 27   Page ID
#:3008
#:3028

1    comment period disclose facts or considerations that indicate that this Consent

2    Decree is inappropriate, improper or inadequate.  Settling Defendant consents to the

3    entry of this Consent Decree without further notice.

4         51. If, for any reason, the Court declines to approve this Consent Decree in

5    the form presented, this agreement is voidable at the sole discretion of any Party

6    and the terms of the Consent Decree may not be used as evidence in any litigation

7    between the Parties.

8         52. Each signatory to this Consent Decree certifies that he or she is fully

9    authorized by the Party he or she represents to enter into the terms and conditions of

10   this Consent Decree, to execute it on behalf of the party represented, and to legally

11   bind that party to all the terms and conditions of this Consent Decree.

12   **IT IS SO ORDERED, ADJUDGED, AND DECREED.**

13

14   Dated: _____NOV 2 4 2015_____, 2015

15                                          Honorable R. Gary Klausner
                                            United States District Judge

16

17   Party Signatures on pages to follow

18

19

20

21

22

23

24

25

26

27

28

                    14    [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
                          JAMES MANCUSO

19841078                                                              032

Case 2:14-cv-02613-RGK-AJW  Document 100  Filed 11/24/15  Page 15 of 21  Page ID
Case 2:14-cv-02613-RGK-AJW  Document 98-6  Filed 08/20/15  Page 36 of 27  Page ID
#:3022
#:3009

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND
CALIFORNIA TOXIC SUBSTANCES CONTROL ACCOUNT

DATE: _____        By: _____
                                  SIGNATURE

                                  _____
                                  NAME (printed or typed)

                                  _____
                                  TITLE (printed or typed)

JAMES MANCUSO

DATE: **8/20/15**            By: *James Mancuso*
                                  SIGNATURE

                                  *JAMES MANCUSO*
                                  NAME (printed or typed)

APPROVED AS TO FORM AND CONTENT:

Dated:                       _____
                             James Potter
                             Deputy Attorney General
                             Attorney for Plaintiffs

Dated:                       _____
                             Alston & Bird
                             Attorney for Settling Defendant

15   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
     JAMES MANCUSO

19841078

Case 2:14-cv-02613-RGK-AJW   Document 100   Filed 11/24/15   Page 16 of 21   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 98-7   Filed 08/20/15   Page 17 of 21   Page ID
#:3020

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND
CALIFORNIA TOXIC SUBSTANCES CONTROL ACCOUNT

DATE: 8/19/15                         By: _____
                                          SIGNATURE

                                          *Raymond Leclerc*
                                          NAME (printed or typed)

                                          *Division Chief*
                                          TITLE (printed or typed)

JAMES MANCUSO

DATE: _____                By: _____
                                          SIGNATURE

                                          _____
                                          NAME (printed or typed)

APPROVED AS TO FORM AND CONTENT:

Dated: 8/20/15                         _____
                                          James Potter
                                          Deputy Attorney General
                                          Attorney for Plaintiffs

Dated: _____               _____
                                          Alston & Bird
                                          Attorney for Settling Defendant

15   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
     JAMES MANCUSO

19841078

034

Case 2:14-cv-02613-RGK-AJW   Document 100   Filed 11/24/15   Page 17 of 21   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 89-3   Filed 08/20/15   Page 38 of 27   Page ID
#:3024

# Exhibit A

Case 2:14-cv-02613-RGK-AJW   Document 98-9   Filed 04/08/15   Page 19 of 20   Page ID
#:3022

1

2

3

4

5

6

7

8

9

10

11

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT

| | |
|---|---|
| 12<br><br>13<br><br>14<br><br>15<br><br>16<br><br>17<br><br>18<br><br>19<br><br>20<br><br>21 | CALIFORNIA DEPARTMENT OF<br>TOXIC SUBSTANCES CONTROL<br>and CALIFORNIA TOXIC<br>SUBSTANCES CONTROL<br>ACCOUNT,<br><br>                                     Plaintiffs,<br><br>            v.<br><br>J&S CHROME PLATING CO., a<br>California corporation, KENFIELD<br>DEV., LLC, a California limited<br>liability company; and JAMES<br>MANCUSO, an individual,<br><br>                                     Defendants. | Case No.: 2:14-CV 02613-RGK (AJW)<br><br>[~~PROPOSED~~] ORDER PURSUANT<br>TO STIPULATION GRANTING IN<br>PART PLAINTIFFS' MOTION<br>FOR PARTIAL SUMMARY<br>JUDGMENT ON THE LIABILITY<br>OF J&S CHROME PLATING AND<br>JAMES MANCUSO<br><br>Judge:        The   Honorable   R.<br>              Gary Klausner<br>Trial Date:   August 25, 2015<br>Action Filed: April 7, 2014 |

22

23

24

25

26

27

28

        Plaintiffs in this matter, the State of California Department of Toxic

Substances Control and California Toxic Substances Control Account (together,

"Plaintiffs") filed a complaint alleging *inter alia* that Defendants J&S Chrome

Plating Company and James Mancuso (together "Defendants") are liable for

Plaintiffs' response costs incurred at the J&S Chrome Plating Company Site (the

"Motion") pursuant to section 107 of the Comprehensive Environmental Response,

[PROPOSED] STIPULATED ORDER GRANTING IN
PART MOTION FOR PARTIAL SUMMARY
JUDGMENT ON DEFENDANTS' LIABILITY

1    Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a).

2       On April 13, 2015, Plaintiffs filed a Motion for Partial Summary Judgment

3    on the liability of Defendants for response costs that Plaintiffs incurred at the Site.

4    Thereafter, Plaintiffs and Defendants (together "Parties") stipulated to the granting

5    of the motion in part as stated herein.

6       In accordance with the Parties' stipulation, the court finds that Defendants

7    J&S Chrome Plating Company and James Mancuso are liable under CERCLA

8    section 107, 42 U.S.C. § 9607(a), as follows:

9    **UNDISPUTED FACTS**

10      1.     The property located at 6863 East Florence Place, Bell Gardens,

11    California, 90201 ("the Site") is an area where hazardous substances, including

12    hexavalent chromium, cadmium, and zinc have been deposited, stored, disposed of,

13    or placed or otherwise come to be located in soil and groundwater.

14      2.     The Site constitutes a "facility" within the meaning of 42 U.S.C. §

15    9601(9).

16      3.     Plaintiffs have incurred costs in responding to the release or threatened

17    release of hazardous substances at the Site.

18      4.     J&S Chrome Plating Company is the current owner of the Site.

19      5.     From 1980 through 1999, James Mancuso was an owner of the Site.

20      6.     Hazardous substances were disposed at the Site. The period of

21    disposal of hazardous substances included the period between 1981 through 1986.

22      7.     J&S Chrome Plating Company and James Mancuso were each

23    operators of the Site at the time of disposal of hazardous substances at the Site.

24    **CONCLUSIONS OF LAW**

25      1.     The Site constitutes a "facility" within the meaning of 42 U.S.C. §

26    9601(9).

27      2.     The Site is a "facility" from which there has been a "release" or

28    "threatened release" of "hazardous substances" within the meaning of CERCLA

[PROPOSED] STIPULATED ORDER GRANTING IN
PART MOTION FOR PARTIAL SUMMARY
JUDGMENT ON DEFENDANTS' LIABILITY

1   section 101, 42 U.S.C. § 9601.

2       3.    Defendant J&S Chrome Plating Company is liable for all response

3   costs incurred by DTSC in responding to the release or threatened release of

4   hazardous substances at the Site.

5       4.    Defendant James Mancuso is liable for all response costs incurred by

6   DTSC in responding to the release or threatened release of hazardous substances at

7   the Site.

8       5.    The amount of Plaintiff's responses costs remain to be determined, either

9   by further motion or at trial of this matter.  Defendants reserve the right to argue

10  that (1) they are not liable for response costs that they demonstrate are inconsistent

11  with the National Oil and Hazardous Substances Pollution Contingency Plan, 40

12  CFR §300 ("NCP"); (2) they are not liable for costs caused by releases of

13  hazardous substances from the former Chrome Crankshaft Company facility to the

14  extent they demonstrate that harms arising from releases of hazardous substances

15  from the Chrome Crankshaft Company property are divisible from harms arising

16  from releases of hazardous substances from 6863 East Florence Place; and (3) they

17  are not liable for response costs to the extent they demonstrate that recovery of such

18  ///

19  ///

20  ///

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED ORDER GRANTING IN
PART MOTION FOR PARTIAL SUMMARY
JUDGMENT ON DEFENDANTS' LIABILITY

058

Case 2:14-cv-02613-RGK-AJW Document 100 Filed 11/24/15 Page 21 of 21 Page ID
Case 2:14-cv-02613-RGK-AJW Document 98-1 Filed 04/08/15 Page 21 of 21 Page ID
#:3028
#:3028

1    costs is barred by the applicable statute of limitations.  Plaintiffs reserve the right to

2    contest Defendants' arguments.

3    IT IS SO ORDERED

4

5    DATED: April 30, 2015

6    _____
     United States District Judge

7

8

9

10

11   ~~ALTERNATIVE ORDER~~

12

13   ~~The Court does not approve the foregoing order.  Plaintiffs' Motion for Partial~~

14   ~~Summary Judgment will be set for hearing on June 1, 2015.  In that instance,~~

15   ~~Defendants' opposition briefs will be due on May 11 and Plaintiffs' reply brief will~~

16   ~~be due on May 18.~~

17   ~~IT IS SO ORDERED~~

18   ~~DATED:_____~~

19

20   ~~_____~~
     ~~United States District Judge~~

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED ORDER GRANTING IN
PART MOTION FOR PARTIAL SUMMARY
JUDGMENT ON DEFENDANTS' LIABILITY