1  KAMALA D. HARRIS
   Attorney General of California
2  Sarah E. Morrison
   Supervising Deputy Attorney General
3  JAMES R. POTTER, State Bar No. 166992
   MEGAN K HEY, State Bar No. No. 232345
4  Deputy Attorneys General
     300 South Spring Street, Suite 1702
5    Los Angeles, CA 90013
     Telephone: (213) 897-2637
6    Fax: (213) 897-2802
     E-mail: James.Potter@doj.ca.gov
7
   *Attorneys for Plaintiffs Department of Toxic*
8  *Substances Control and Toxic Substances Control*
   *Account*
9
                  IN THE UNITED STATES DISTRICT COURT
10
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

12
13  **CALIFORNIA DEPARTMENT OF**          Case No.: 2:14-CV02613 RGK
    **TOXIC SUBSTANCES CONTROL**          (AJWx)
14  **and CALIFORNIA TOXIC**
    **SUBSTANCES CONTROL**                [PROPOSED] CONSENT DECREE
15  **ACCOUNT,**                          BETWEEN PLAINTIFFS AND
                                          DEFENDANT J&S CHROME
16                        Plaintiffs,     PLATING CO.; EXHIBITS

17              v.                        Judge:      Hon. R. Gary Klausner
                                          Dept.:      850
18  **J&S CHROME PLATING CO., a**         Trial Date: August 25, 2015
    **California corporation, KENFIELD**  Action Filed: April 7, 2014
19  **DEV., LLC, a California limited**
    **liability company; and JAMES**
20  **MANCUSO, an individual,**

21                        Defendants.

22

23  **I.  INTRODUCTION**

24        1.  Plaintiff the State of California Department of Toxic Substances Control

25  ("DTSC") and the Toxic Substances Control Account (collectively "Plaintiffs")

26  filed a complaint in this matter pursuant to the Comprehensive Environmental

27  Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq.

28

1   and the California Hazardous Substances Account Act ("HSAA"), California

2   Health and Safety Code § 25300 et seq. against Defendants J&S Chrome Plating

3   Co. ("Settling Defendant"), Kenfield Dev., LLC, and James Mancuso

4   ("Complaint").  In the Complaint, Plaintiffs seek to recover costs they incurred

5   responding to releases and/or threatened releases of hazardous substances at or from

6   the property located at 6863 East Florence Place, Bell Gardens, California, 90201,

7   in the County of Los Angeles, California ("the Site.").  CERCLA section 107(a), 42

8   U.S.C. § 9607(a).  Additionally, Plaintiffs seek declaratory relief under CERCLA

9   section 113(g)(2), 42 U.S.C. § 9613(g)(2) that Defendants are jointly and severally

10  liable for future response costs to be incurred by Plaintiffs to address releases

11  and/or threatened releases of hazardous substances at or from the Site.

12      2.   In the Complaint, Plaintiffs allege, in relevant part, the following:

13          a.     The Site is located in the City of Bell Gardens across the street

14      from residential dwellings and within 500 feet of a public school.  The Los

15      Angeles Regional Water Quality Control Board has designated drinking

16      water as a beneficial use for some groundwater in the vicinity of the Site, and

17      there is an inoperative drinking water well within 1000 feet of the Site.

18          b.     From approximately 1953 to 1991, Settling Defendant operated

19      a metal plating facility at the Site.  In the plating operations at the Site, J&S

20      Chrome used chromium, cadmium, and zinc.

21          c.     Settling Defendant has owned the Site from approximately

22      1999 to the present.

23          d.     In February 1999, in response to a request by Settling

24      Defendant, and in accordance with Health and Safety Code section 25262,

25      Cal/EPA designated DTSC as the administering agency for all investigation

26      and remediation activities at the Site.

27          e.     On December 18, 2002, DTSC issued an Imminent and

28      Substantial Endangerment Determination and Remedial Action Order ("2002

2       [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
        J&S CHROME

19841078

045

1  Order"), which included findings that hazardous substances had been

2  released and were present in the groundwater and/or soil at the Site in

3  sufficient concentrations to pose a substantial danger to public health and the

4  environment, and directing Settling Defendant to develop and implement a

5  complete site remediation strategy for the Site.

6      f.    Settling Defendant performed some site assessment and

7  remediation of the Site but did not complete all of the actions required in the

8  2002 Order.

9      g.    DTSC completed a remedial investigation and feasibility study

10  for the Site. The remedial investigation, approved in 2003, identified total

11  chromium and hexavalent chromium as the primary chemicals of concern on

12  the Site. The feasibility study, completed in 2005, identified remedial action

13  alternatives that could meet risk-based remedial goals, applicable or relevant

14  and appropriate requirements, and remedial action objectives for the Site.

15      h.    In or about February 2008, DTSC divided the Site into two

16  Operable Units.  Operable Unit 1 ("OU1") encompasses the soil

17  contamination, and Operable Unit 2 ("OU2") relates to the groundwater

18  contamination.

19      i.    In April 2008, DTSC began implementation of the Remedial

20  Action Plan for OU1.  DTSC's actions included removing soil contaminated

21  with hazardous substances and installing mechanisms to stabilize the

22  remaining hazardous substances.

23      j.    In February 2010, DTSC began implementation of OU2

24  remediation as set forth in the 2009 Remedial Action Plan for OU2.  DTSC's

25  actions included installing groundwater extraction wells and groundwater

26  treatment facilities.

27      k.    The remedies for both OU1 and OU2 require ongoing

28  operation and maintenance.

3   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND J&S CHROME

046

3.   Plaintiffs' response actions were necessary to remove and remedy the hazardous substances released and/or threatened to be released at and from the Site. DTSC's response actions include, but are not limited to, the following activities: investigation; removal/remediation actions; enforcement/cost recovery; oversight; public participation; and compliance with the California Environmental Quality Act.  DTSC's response actions were not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

4.   As of June 2015, Plaintiffs' unreimbursed Response Costs related to the Site exceeded $8 million.  Plaintiffs will continue to incur Response Costs related to the Site.

5.   Settling Defendant filed an answer to the Complaint on October 31, 2014.

6.   On April 20, 2015, the Court issued an Order Pursuant to Stipulation Granting, in Part, Plaintiffs' Motion for Partial Summary Judgment On the Liability of J&S Chrome Plating and James Mancuso, ECF No. 48, that established that "[Settling Defendant] is liable for all response costs incurred by DTSC in responding to the release or threatened release of hazardous substances at the Site," but preserved [Settling Defendant's] right to assert certain affirmative defenses at trial.  The Order also establishes that [Settling Defendant] was an operator of the Site at the time of disposal of hazardous substances at the Site. A copy of that Order is attached hereto as Exhibit A.

7.   Plaintiffs and Settling Defendant ("the Parties") agree, and this Court, by entering this Consent Decree, finds, that this Consent Decree has been negotiated by the Parties in good faith, settlement of this matter will avoid expensive, prolonged and complicated litigation between the Parties, and this Consent Decree is fair, reasonable, in the public interest and consistent with the purpose of CERCLA.

**THEREFORE**, the Court, with the consent of the Parties to this

4     [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND J&S CHROME

1  Consent Decree, hereby **ORDERS, ADJUDGES, AND DECREES**, as follows:

2  **II.  JURISDICTION**

3  8.  The Court has subject matter jurisdiction over the matters alleged in this

4  action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and CERCLA, section

5  113(b), 42 U.S.C. § 9613(b), and personal jurisdiction over each of the Parties.

6  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and CERCLA

7  section 113(b), 42 U.S.C. § 9613(b).  Solely for the purposes of this Consent

8  Decree and the underlying Complaint, Settling Defendant waives all objections and

9  defenses that Settling Defendant may have to the jurisdiction of the Court or to

10  venue in this district.  Settling Defendant shall not challenge the terms of this

11  Consent Decree or this Court's jurisdiction to enter and enforce this Consent

12  Decree.

13  9.  The Court shall retain jurisdiction over this matter for the purpose of

14  interpreting and enforcing the terms of this Consent Decree if necessary.

15  **III.  SETTLEMENT OF DISPUTED CLAIMS**

16  10. This Consent Decree resolves Plaintiffs' claims against Settling

17  Defendant in the above-captioned action.  Plaintiffs agree to resolve Settling

18  Defendant's liability in this action in exchange for consideration from Settling

19  Defendant, including payment by Settling Defendant to reimburse a portion of

20  Plaintiffs' Response Costs incurred and to be incurred at or in connection with

21  releases and/or threatened releases of hazardous substances at and/or from the Site.

22  11. Nothing in this Consent Decree shall be construed as an admission by

23  Settling Defendant of any issue of law or fact or of any violation of law, beyond

24  those issues of fact and law established in the Partial Summary Judgment Order,

25  ECF No. 48.  Except as otherwise provided by this Consent Decree, this Consent

26  Decree shall not prejudice, waive or impair any right, remedy or defense that

27  Settling Defendant may have in any other or further legal proceeding.

28

5  [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND J&S CHROME

048

19841078

12. Settling Defendant consents to, and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

13. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Parties.

## IV.   DEFINITIONS

14. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA, in the HSAA or in regulations promulgated under CERCLA shall have the meaning assigned to them therein.  Whenever terms listed below are used in this Consent Decree, the definitions below shall apply.

15. "Day" shall mean shall mean a calendar day . In computing any period of time under this CD, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next Day.

16. . "DTSC" shall mean the State of California Department of Toxic Substances Control, and its predecessors and successors.  DTSC is a public agency of the State of California organized and existing under and pursuant to California Health and Safety Code § 58000 et seq.  Under California law, DTSC is the state agency responsible for determining whether there has been a release and/or threatened release of hazardous substances into the environment, and for determining the actions to be taken in response thereto.

17. "Effective Date" shall mean the date the Court enters an Order approving this Consent Decree.

18. "Fair Market Value" shall have the meaning specified in California Code of Civil Procedure section 1263.320.

19. "Net Sale Proceeds" shall mean the gross sale price, less brokerage commissions, closing costs, and marketing expenses.

20. "Parties" shall mean Plaintiffs and Settling Defendant..

21. "Plaintiffs" shall mean DTSC and the Toxic Substances Control Account.

6     [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
       J&S CHROME

1    22. "Property" shall mean the real property, identified in the Los Angeles

2    County Map Book 5604, Page 248, Tract, No. 11763, which is located at 6863 East

3    Florence Place, in Bell Gardens California.

4    23. "Response Costs" shall mean all costs of "removal," "remedial action,"

5    or "response" as those terms are defined by CERCLA § 101, 42 U.S.C. § 9601,

6    related to the release and/or threatened release of hazardous substances at or from

7    the Site, including into soil and groundwater.

8    24. "Settling Defendant" shall mean J&S Chrome Plating Co.

9    25. "Site" shall mean the property located at 6863 East Florence Place, Bell

10   Gardens, California, 90201, in the County of Los Angeles, California.  For

11   purposes of this Consent Decree, the Site includes the vertical and areal extent of

12   the hazardous substance contamination that is or has been present at, beneath,

13   and/or from the Site, including in the soil and/or groundwater.

14   **V.    SETTLING DEFENDANT'S OBLIGATIONS**

15   26. Settling Defendant or its designee shall pay DTSC $1,000,000 within

16   thirty (30) Days of the Effective Date.

17   27. Sale of the Property

18       a.  Settling Defendant shall use commercially reasonable efforts to

19          sell the Property for Fair Market Value and to incur only

20          commercially reasonable costs of sale for the sale of the Property.

21          Within three (3) Days of entering or modifying any listing

22          agreement, Settling Defendant shall provide DTSC a copy of that

23          Agreement.

24       b.  For purposes of this Consent Decree, Settling Defendant shall be

25          deemed to have made commercially reasonable efforts to sell the

26          Property if it does both of the following:  1) Enters into a listing

27          agreement with a licensed commercial real estate broker to list

28          the Property at Fair Market Value and 2) Accepts the highest

1    bona fide offer to purchase the Property in as-is condition, and

2    without representations or warranties, for Fair Market Value.

3    c.  Any purchase agreement and escrow instructions for the sale of

4    the property shall require the escrow agent to pay DTSC the sum

5    of 1) all of the Net Sale Proceeds up to $1,005,000 and 2) seventy

6    five percent of the amount of the Net Sale Proceeds exceeding

7    $1,055,000.

8    d.  Within five (5) Days of opening escrow to sell the Property,

9    Settling Defendant shall notify DTSC in writing and shall provide

10   DTSC with a copy of the agreement to sell the Property and

11   escrow agreement.  As early as possible after opening escrow,

12   Settling Defendant shall request a preliminary Seller's Estimated

13   Settlement Statement from the escrow agent and provide that

14   statement to DTSC.  Within fifteen (15) Days of its receipt of the

15   Estimated Settlement Statement, DTSC may object to the sale

16   price for the Property as being below Fair Market Value.  Any

17   objection must be in writing, and must state with specificity the

18   basis of the objection.  If such an objection is made, the parties

19   will promptly confer to determine if the objection can be

20   satisfactorily resolved.  The Settling Defendant may not close the

21   sale unless DTSC has withdrawn its objection.  A determination

22   by DTSC that the Property is being sold for less than Fair Market

23   Value shall not be subject to judicial review.

24   e.  DTSC presently has a lien on the property, recorded at

25   20111560290 in the Los Angeles County Recorder's Office, a

26   copy of which is attached to this Consent Decree as Exhibit B.

27   Settling Defendant agrees not to contest the lien on the property.

28   Unless DTSC has objected to the sale in accordance with the

8   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
    J&S CHROME

19841078

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 9 of 28   Page ID #:3221
Case 2:14-cv-02613-RGK-AJW   Document 96-1   Filed 10/26/15   Page 55 of 77   Page ID
#:3128

previous paragraph, on the day appointed for the close of escrow, DTSC will execute and provide to the escrow agent a release of the lien, which the escrow agent may record with the County Recorder.  If Settling Defendant does not sell the Property within three years after the Effective Date, DTSC will be entitled to exercise its rights on the lien, including but not limited to a right to cause a foreclosure on the lien.

f.  Within three (3) Days of escrow closing, the escrow agent shall pay DTSC the funds specified in subparagraph (c) of this Paragraph.

g.  Within ten (10) Days of the close of escrow, Settling Defendant shall provide both the Seller's Estimated Settlement Statement and a signed report setting forth a cash based accounting of the calculation of the Net Sale Proceeds, i.e., showing the gross sale price, and each item deducted from same in calculating the Net Sale Proceeds.

h.  Following the close of escrow, within ten (10) Days of a written request by DTSC, Settling Defendant shall provide all supporting documentation for the sale and the calculation of the Net Sale Proceeds, the purchase and escrow documents and the escrow settlement statement, to enable DTSC to audit and verify the sale transaction(s) and calculation of the Net Sale Proceeds.  In the event Settling Defendant sells the Property as part of a multi-parcel sale, Settling Defendant shall also provide all documentation regarding the allocation of the sales price and the costs to the Property.

[PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
J&S CHROME

19841078

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 10 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 96-12   Filed 10/26/15   Page 56 of 77   Page ID
#:3129

28. Settling Defendant will promptly record a land-use covenant to be provided by DTSC that shall limit use of the Property to commercial or industrial and protects the ongoing cleanup activities.

29. Settling Defendant's payment obligations shall be deemed to have been satisfied in full upon: (1) Delivery of the payments due under Paragraphs 26 and 27. The payments specified in Paragraphs 26 and 27 shall be made by certified or cashier's check made payable to Cashier, California Department of Toxic Substances Control, and shall bear on its face both the docket number of this proceeding and the phrase "Site Code 300255."

    a.    The payments shall be sent to:

> Cashier
> Accounting Office, MS-21A
> Department of Toxic Substances Control
> 1001 I Street
> P.O. Box 806
> Sacramento, CA 95812-0806

    b.    A copy of the check shall be mailed to:

> Leslie Fredrickson, Attorney
> California Department of Toxic Substances Control
> Office of Legal Counsel, MS-23A
> 1001 I Street
> P.O. Box 806
> Sacramento, CA 95812-0806

> Or e-mailed to leslie.fredrickson@dtsc.ca.gov in .pdf or .jpg format.

30. This Consent Decree is conditioned upon full execution of the Settling Defendant's obligations in Paragraphs 26 through 28. If these conditions are not met, then this Consent Decree shall be voidable at the discretion of DTSC, and DTSC may proceed to litigate the Complaint against Settling Defendant.

## VI.    ACCESS TO INFORMATION

31. Within thirty (30) Days of the Effective Date, Settling Defendant shall have provided to DTSC copies of any and all records, documents, and information within his possession or control, or that of its agents, relating to: (a) the ownership,

10  [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
J&S CHROME

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 11 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 96-1   Filed 10/26/15   Page 57 of 77   Page ID
#:3130

1  operation or control of the Site; (b) the purchase, storage, use, handling, generation,

2  treatment, transportation, or disposal of hazardous substances in connection with

3  the Site; (c) releases and/or threatened releases of hazardous substances at or from

4  the Site, including the soil and groundwater; and (d) removal, remedial or response

5  actions conducted by any person at the Site.  If Settling Defendant believes it

6  produced all such documents in the course of this litigation, it may comply with this

7  Paragraph by sending DTSC a signed letter representing and warranting that it has

8  already produced all information subject to this Paragraph.  The letter shall identify

9  each day of production.  Sending such a letter shall not absolve Settling Defendant

10  of its obligations under Paragraph 32.

11       32. If after the Effective Date, Settling Defendant obtains or discovers any

12  records, documents or information described in Paragraph 31 not previously

13  provided to DTSC, Settling Defendant agrees to provide DTSC with copies of the

14  additional records, documents or information within ten (10) calendar days of the

15  date Settling Defendant discovers or obtains the records, documents or information.

16  **VII.    COVENANT NOT TO SUE BY PLAINTIFFS**

17       33. Except as expressly provided in Section VIII (Plaintiffs' Reservation of

18  Rights) of this Consent Decree, Plaintiffs covenant not to sue Settling Defendant

19  pursuant to CERCLA or the HSAA to: (a) recover Plaintiffs' Response Costs

20  related to the Site, including response costs associated with groundwater

21  remediation relating to any hazardous substances released at the Site; or (b) require

22  Settling Defendant to conduct response actions, including removal or remedial

23  actions, related to the release and/or threatened release of hazardous substances at

24  or from the Site, including the soil and groundwater.  This Covenant Not to Sue is

25  conditioned upon the complete and satisfactory performance by Settling Defendant

26  of all its obligations under this Consent Decree.  This Covenant Not to Sue shall be

27  revoked and deemed not effective if Settling Defendant fails to fully perform on its

28  obligations stated in by Paragraphs 26 through 28 of this Consent Decree.

11       [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
           J&S CHROME

19841078

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 12 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 96-14   Filed 10/26/15   Page 58 of 77   Page ID
#:3131

## VIII.   PLAINTIFFS' RESERVATION OF RIGHTS

34. Claims Regarding Other Matters. Plaintiffs reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Plaintiffs' Covenant Not to Sue (Section VII).

35. Reservation of Claims. Plaintiffs reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to the following matters:

a.    Failure of Settling Defendant to meet the requirements of this Consent Decree;

b.    Damage to natural resources, as defined in CERCLA section 101(6), 42 U.S.C. § 9601(6), including all costs incurred by any natural resources trustees;

c.    Liability resulting from Settling Defendant's introduction of any hazardous substance, pollutant, or contaminant to the Site after the Effective Date;

d.    Liability resulting from overt acts by Settling Defendant after the Effective Date that cause the exacerbation of the hazardous substance conditions existing at or from the Site;

e.    Claims based on liability arising from the past, present, or future disposal of hazardous substances at sites or locations other than the Site and

f.    Claims based on criminal liability.

36. Government Authority.  Except as expressly provided in the Consent Decree, nothing in the Consent Decree is intended nor shall it be construed to preclude DTSC from exercising its authority under any law, statute or regulation. Furthermore, nothing in the Consent Decree is intended, nor shall it be construed, to

12      [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
        J&S CHROME

19841078

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 13 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 96-5   Filed 10/26/15   Page 59 of 77   Page ID
#:3132

1   preclude any other state agency, department, board or entity or any federal entity

2   from exercising its authority under any law, statute or regulation.

3       37. Claims Against Other Persons. DTSC reserves, and this Consent Decree

4   is without prejudice to, all rights, claims, and causes of action DTSC may have

5   against any person other than Settling Defendant. Nothing in this Consent Decree

6   is intended to be nor shall it be construed as a release, covenant not to sue, or

7   compromise of any claim or cause of action, which DTSC may have against any

8   person or other entity not a signatory to this Consent Decree.

9       38. Unknown Conditions/New Information. Notwithstanding any other

10  provision in the Consent Decree, DTSC reserves, and this Consent Decree is

11  without prejudice to, the right to institute proceedings in this action or in a new

12  action, and/or to issue an administrative order seeking to compel Settling Defendant

13  to perform response activities at the Site and/or to pay DTSC for additional

14  Response Costs, if:

15          a. Either of the following occurs: (i) conditions at the Site,

16             previously unknown to DTSC, are discovered, or (ii) information

17             previously unknown to DTSC, is received, in whole or in part;

18             and

19          b. DTSC determines that the previously unknown conditions or

20             new information together with other relevant information indicate

21             that the response actions at the Site are not protective of human

22             health or the environment.

23  **IX.    COVENANT NOT TO SUE BY SETTLING DEFENDANT**

24      39. Settling Defendant covenant not to sue, and agree not to assert any claims

25  or causes of action against Plaintiffs or any DTSC contractors or employees that

26  arise out of the transaction or occurrence that is the subject matter of the Plaintiffs'

27  complaint, or for any injuries, losses, costs, or damages caused or incurred as a

28

                13   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
                       J&S CHROME

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 14 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 96-26   Filed 10/26/15   Page 60 of 77   Page ID
#:3133

1   result of the performance of the requirements of this Consent Decree or the DTSC's

2   response actions at the Site.

3       40. In any legal proceedings that Plaintiffs may initiate against Settling

4   Defendant for non-compliance with this Consent Decree in such proceedings,

5   Settling Defendant may raise any and all defenses that Settling Defendant deems to

6   be relevant to the issue of whether or not it has complied with the terms of the

7   Consent Decree.

8   **X.    EFFECT OF SETTLEMENT AND CONTRIBUTION PROTECTION**

9       41. With regard to claims for contribution against Settling Defendant for

10  "Matters Addressed" in this Consent Decree, the Parties agree, and the Court finds

11  as follows:

12          a.    This Consent Decree constitutes a judicially approved

13      settlement within the meaning of CERCLA section 113(f)(2), 42 U.S.C. §

14      9613(f)(2).

15          b.    This Consent Decree requires that Settling Defendant pay

16      certain costs with respect to its liability at the Site.

17          c.    Settling Defendant is entitled to the contribution protection

18      provided by CERCLA section 113(f)(2), 42 U.S.C. § 9613(f)(2), and by state

19      statutory and common law for the "Matters Addressed" in this Consent

20      Decree, except for actions and claims identified in Section VIII (Plaintiffs'

21      Reservation of Rights).

22      42. "Matters Addressed". The "Matters Addressed" in this Consent Decree

23  are all response actions taken or to be taken and all response costs incurred or to be

24  incurred, at or in connection with the Site, by Plaintiffs, or any other person.

25      43. The protection provided for in this Section X is conditioned upon

26  compliance by Settling Defendant with his obligations under Paragraphs 26 through

27  28 of this Consent Decree.

28

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 15 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 98-7   Filed 10/26/15   Page 61 of 77   Page ID
#:3134

44. Nothing in this Consent Decree limits or impairs the right of Plaintiffs to pursue any other person for unrecovered Response Costs incurred by Plaintiffs.

XI.    **NOTIFICATION**

45. Notification to or communication among the Parties as required or provided for in this Consent Decree shall be addressed as follows:

For Plaintiffs:

> Hossein Nasari, Project Manager
> Cypress Cleanup Program
> California Department of Toxic Substances Control
> Corporate Avenue
> Cypress, CA  91311-6505

> Leslie Fredrickson
> California Department of Toxic Substances Control
> Office of Legal Counsel, MS-23A
> P.O. Box 806
> Sacramento, CA 95812-0806

For Settling Defendant:

> J&S Chrome,
> c/o 6863 East Florence Place, LLC
> Attention:  David Isola
> 405 West Pine Street
> Lodi, CA 95240

XII.    **GENERAL PROVISIONS**

46. <u>Parties Bound.</u>  This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties and their representatives, successors, heirs, legatees, and assigns.

47. <u>No Rights in Other Parties.</u>  Except as provided in Paragraph 46 regarding parties bound, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree.

48. <u>No Waiver of Enforcement.</u>  The failure of DTSC to enforce any provision of this Consent Decree shall in no way be deemed a waiver of such provision or in any way affect the validity of this Consent Decree.  The failure of

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 16 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 95-2B   Filed 10/26/15   Page 62 of 77   Page ID
#:3135

1   DTSC to enforce any such provision shall not preclude it from later enforcing the

2   same or any other provision of this Consent Decree.

3       49. Attorneys' Fees.  Except as expressly provided in this Consent Decree,

4   the Parties will not seek to recover attorneys' fees and/or litigation costs against

5   each other.

6       50. Final Agreement. This Consent Decree constitutes the final, complete

7   and exclusive agreement and understanding between the Parties with respect to the

8   settlement embodied in this Consent Decree.

9       51. Modifications.  This Consent Decree may be modified only upon written

10  approval of the Parties and with the consent of the Court.

11      52. Counterparts.  This Consent Decree may be executed in two or more

12  counterparts, each of which shall be deemed an original, but all of which together

13  shall constitute one and the same instrument.

14      53. Agent. Settling Defendant has appointed and authorized the agents

15  identified in Paragraph 45 to this Consent Decree to receive notices with respect to

16  all matters arising under or relating to this Consent Decree.

17  **XIII.   ENTRY OF THE CONSENT DECREE**

18      54. This Consent Decree shall be lodged with the Court for a period of not

19  less than thirty (30) calendar days.  The Consent Decree also is subject to a public

20  comment period of not less than thirty (30) calendar days.  DTSC may modify or

21  withdraw its consent to this Consent Decree if comments received during the public

22  comment period disclose facts or considerations that indicate that this Consent

23  Decree is inappropriate, improper or inadequate.  Settling Defendant consents to the

24  entry of this Consent Decree without further notice.

25      55. If, for any reason, the Court declines to approve this Consent Decree in

26  the form presented, this agreement is voidable at the sole discretion of any Party

27  and the terms of the Consent Decree may not be used as evidence in any litigation

28  between the Parties.

16   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
J&S CHROME

19841078

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 17 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 96-1   Filed 10/26/15   Page 63 of 77   Page ID
#:3136

56. Each signatory to this Consent Decree certifies that he or she is fully authorized by the Party he or she represents to enter into the terms and conditions of this Consent Decree, to execute it on behalf of the party represented, and to legally bind that party to all the terms and conditions of this Consent Decree.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: _____NOV 24 2015_____, 2015     _Gary Klausner_

Honorable R. Gary Klausner
United States District Judge

Party Signatures on pages to follow

17          [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
            J&S CHROME

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 18 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 96-3   Filed 10/26/15   Page 64 of 77   Page ID
#:3137

1  CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND
2  TOXIC SUBSTANCES CONTROL ACCOUNT

3  DATE: 8/26/15 _____   By: _Nat Lofstrom_____
4                                    SIGNATURE

5
6                                 _Dot Lofstrom_____
7                                  NAME (printed or typed)

8                                 _Division Chief_____
9                                  TITLE (printed or typed)

10  J&S CHROME PLATING CO.
11

12  DATE: _____       By: _____
13                                  SIGNATURE
14

15                              _____
16                               NAME (printed or typed)
17

18  APPROVED AS TO FORM AND CONTENT:

19  Dated: 8/26/15 _____   _____
20                               James Potter
21                               Deputy Attorney General
                                 Attorney for Plaintiffs
22

23

24  Dated: _____       _____

25

26

27

28

                              18   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
                                   J&S CHROME

19841078

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 19 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 96-1   Filed 10/26/15   Page 65 of 77   Page ID
#:3138

1   CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND
2   TOXIC SUBSTANCES CONTROL ACCOUNT

3

4   DATE: _____          By: _____
                                          SIGNATURE
5

6                                         _____
7                                         NAME (printed or typed)

8                                         _____
9                                         TITLE (printed or typed)

10
11  J&S CHROME PLATING CO.

12
13  DATE: _August 26, 2015___          By: _____
                                          SIGNATURE
14
15                                        DAVID R. ISOLA
                                          _____
16                                        NAME (printed or typed)

17

18  APPROVED AS TO FORM AND CONTENT:

19
20  Dated:                             _____
                                       James Potter
21                                     Deputy Attorney General
                                       Attorney for Plaintiffs
22

23
24  Dated:  August 26, 2015            _____
25                                     DAVID R. ISOLA
                                       ISOLA LAW GROUP, LLP
26                                     Attorneys for J&S Chrome
                                       Plating Co.
27

28

                                18   [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND
                                     J&S CHROME

19841078

# Exhibit A

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 21 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 93-3   Filed 04/30/15   Page 67 of 79   Page ID
#:3140

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT

9

10

11

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and CALIFORNIA TOXIC SUBSTANCES CONTROL ACCOUNT, <br><br> Plaintiffs, <br><br> v. <br><br> J&S CHROME PLATING CO., a California corporation, KENFIELD DEV., LLC, a California limited liability company; and JAMES MANCUSO, an individual, <br><br> Defendants. | Case No.: 2:14-CV 02613-RGK (AJW) <br><br> [~~PROPOSED~~] ORDER PURSUANT TO STIPULATION GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE LIABILITY OF J&S CHROME PLATING AND JAMES MANCUSO <br><br> Judge: The Honorable R. Gary Klausner <br> Trial Date: August 25, 2015 <br> Action Filed: April 7, 2014 |

12

13

14

15

16

17

18

19

20

21

22

23

Plaintiffs in this matter, the State of California Department of Toxic Substances Control and California Toxic Substances Control Account (together, "Plaintiffs") filed a complaint alleging *inter alia* that Defendants J&S Chrome Plating Company and James Mancuso (together "Defendants") are liable for Plaintiffs' response costs incurred at the J&S Chrome Plating Company Site (the "Motion") pursuant to section 107 of the Comprehensive Environmental Response,

24

25

26

27

28

1   Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a).

2       On April 13, 2015, Plaintiffs filed a Motion for Partial Summary Judgment

3   on the liability of Defendants for response costs that Plaintiffs incurred at the Site.

4   Thereafter, Plaintiffs and Defendants (together "Parties") stipulated to the granting

5   of the motion in part as stated herein.

6       In accordance with the Parties' stipulation, the court finds that Defendants

7   J&S Chrome Plating Company and James Mancuso are liable under CERCLA

8   section 107, 42 U.S.C. § 9607(a), as follows:

9   **UNDISPUTED FACTS**

10      1.   The property located at 6863 East Florence Place, Bell Gardens,

11  California, 90201 ("the Site") is an area where hazardous substances, including

12  hexavalent chromium, cadmium, and zinc have been deposited, stored, disposed of,

13  or placed or otherwise come to be located in soil and groundwater.

14      2.   The Site constitutes a "facility" within the meaning of 42 U.S.C. §

15  9601(9).

16      3.   Plaintiffs have incurred costs in responding to the release or threatened

17  release of hazardous substances at the Site.

18      4.   J&S Chrome Plating Company is the current owner of the Site.

19      5.   From 1980 through 1999, James Mancuso was an owner of the Site.

20      6.   Hazardous substances were disposed at the Site.  The period of

21  disposal of hazardous substances included the period between 1981 through 1986.

22      7.   J&S Chrome Plating Company and James Mancuso were each

23  operators of the Site at the time of disposal of hazardous substances at the Site.

24  **CONCLUSIONS OF LAW**

25      1.   The Site constitutes a "facility" within the meaning of 42 U.S.C. §

26  9601(9).

27      2.   The Site is a "facility" from which there has been a "release" or

28  "threatened release" of "hazardous substances" within the meaning of CERCLA

[PROPOSED] STIPULATED ORDER GRANTING IN
PART MOTION FOR PARTIAL SUMMARY
JUDGMENT ON DEFENDANTS' LIABILITY

Case 2:14-cv-02613-RGK-AJW   Document 93-5   Filed 04/30/15   Page 64 of 70   Page ID

1    section 101, 42 U.S.C. § 9601.

2          3.      Defendant J&S Chrome Plating Company is liable for all response

3    costs incurred by DTSC in responding to the release or threatened release of

4    hazardous substances at the Site.

5          4.      Defendant James Mancuso is liable for all response costs incurred by

6    DTSC in responding to the release or threatened release of hazardous substances at

7    the Site.

8          5.      The amount of Plaintiff's responses costs remain to be determined, either

9    by further motion or at trial of this matter.  Defendants reserve the right to argue

10   that (1) they are not liable for response costs that they demonstrate are inconsistent

11   with the National Oil and Hazardous Substances Pollution Contingency Plan, 40

12   CFR §300 ("NCP"); (2) they are not liable for costs caused by releases of

13   hazardous substances from the former Chrome Crankshaft Company facility to the

14   extent they demonstrate that harms arising from releases of hazardous substances

15   from the Chrome Crankshaft Company property are divisible from harms arising

16   from releases of hazardous substances from 6863 East Florence Place; and (3) they

17   are not liable for response costs to the extent they demonstrate that recovery of such

18   ///

19   ///

20   ///

[PROPOSED] STIPULATED ORDER GRANTING IN
PART MOTION FOR PARTIAL SUMMARY
JUDGMENT ON DEFENDANTS' LIABILITY
000

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 24 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 98-3   Filed 04/30/15   Page 74 of 74   Page ID
#:3143

1   costs is barred by the applicable statute of limitations.  Plaintiffs reserve the right to

2   contest Defendants' arguments.

3   IT IS SO ORDERED

4

5   DATED: April 30, 2015                    Gary Klausner

6                                    _____
                                     United States District Judge
7

8

9

10

11   ~~ALTERNATIVE ORDER~~

12

13   ~~The Court does not approve the foregoing order.  Plaintiffs' Motion for Partial~~

14   ~~Summary Judgment will be set for hearing on June 1, 2015.  In that instance,~~

15   ~~Defendants' opposition briefs will be due on May 11 and Plaintiffs' reply brief will~~

16   ~~be due on May 18.~~

17   ~~IT IS SO ORDERED~~

18   ~~DATED:_____~~

19

20   _____
                           ~~United States District Judge~~
21

22

23

24

25

26

27

28

                                    [PROPOSED] STIPULATED ORDER GRANTING IN
                         4          PART MOTION FOR PARTIAL SUMMARY
                                    JUDGMENT ON DEFENDANTS' LIABILITY

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 25 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 96-37   Filed 10/26/15   Page 71 of 77   Page ID
#:3144

# Exhibit B

**RECORDING REQUESTED BY**
**California Department of Toxic**
**Substances Control**



J&S Chrome Plating Company
6863 Florence PL.
Bell Gardens, California 90201

**WHEN RECORDED MAIL**
TO

Manny Alonzo
**Brownfields and Environmental**
**Restoration Program**
**Department of Toxic Substances**
**Control**
5796 Corporate Avenue
Cypress, California 90630

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

**LIEN**

The State of California Department of Toxic Substances Control, hereby records this lien in the amount of $5,257,334.05, on the real property in the County of Los Angeles, State of California, located at 6863 Florence Pl., Bell Gardens, Los Angeles, and identified as Assessor Parcel Number 635019006, by the Los Angeles County Tax Assessor, and is further identified by Los Angeles County Map Book 5604, Page 248, Tract, No. 11763.. This property is the site of a hazardous substance release.  A legal description of the property is as follows:

That portion of the Rancho San Antonio, described as follows:

Beginning at the intersection of the southeasterly line of the 18 10 acre parcel of land shown on the map recorded in Book 5604, Page 248 of Deeds, records of said County with the southwesterly line of Suva Street as described in the deed to said County of Los Angeles recorded on May 23, 1947, as Instrument No 2609 in Book 24574, Page 308, Official Records of said County, thence along the prolongation of the northeasterly line of lot 1 in block 7 of Tract No. 11763, as per map recorded in Book 221, Pages 48 to 50 of Maps, in the office of the County Recorder of said County, south 61° 10' 45" east a distance of 100 feet to the true point of beginning, thence from said true point of beginning, south 32°

070

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 27 of 28   Page ID
Case 2:14-cv-02613-RGK-AJW   Document 96-9   Filed 10/26/15   Page 74 of 77   Page ID
#:3147

37' 53" west 731 25 feet to a point in the easterly prolongation of the southerly
line of said land shown on the map recorded in Book 5604, page 248 of Deeds
that is distant south 82° 41' 45" east 375 feet along said prolongation from the
southeasterly line of said 18 10 acre parcel of land, thence along said
prolongation south 82° 41' 45" east 137 58 feet to a line that is parallel with the
line above described as south 32° 37' 53" west 731 25 feet which parallel line
passes through a point in prolongation of the northeasterly line of said lot 1 in
block 7 that is distant southeasterly 125 feet from the true point of beginning,
thence along said parallel line north 32° 37' 53" east 680 53 feet to said
prolonged line of lot 1 in block 7, thence along said prolonged line north 61° 10'
45" west 125 feet to the true point of beginning

Owner of Record as shown on the latest equalized assessment roll: J&S
Chrome Plating Company.

This lien is recorded pursuant to, and its enforceability is governed by, section
25365.6 of the California Health and Safety Code.

The amount secured by this lien, pursuant to section 25365.6, is equal to the costs or
damages incurred and payable from the California Hazardous Substances Account,
Hazardous Waste Control Account and the Hazardous Substance Cleanup Fund by
the Department of Toxic Substances Control and its predecessor agency, the
Department of Health Services, with respect to the property described herein. The lien
continues until the liability for these costs or damages is satisfied.

The lien has the force, effect, and priority of a judgment lien.

Date: 11/14/11

Manny Alonzo
Unit Chief
Brownfields and Environmental Restoration Program
Department of Toxic Substances Control
5796 Corporate Avenue
Cypress, California 90630

071

Case 2:14-cv-02613-RGK-AJW   Document 101   Filed 11/24/15   Page 28 of 28   Page ID
#:3640
Case 2:14-cv-02613-RGK-AJW   Document 96-1   Filed 10/26/15   Page 75 of 77   Page ID
#:3148

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

NOV 17 2011

Dean C. Logan   REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

072